UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| PAULETTE MACK ) | Case Number |
| Plaintiff ) | |
| vs. ) | CIVIL COMPLAINT |
| NCO FINANCIAL SYSTEMS, INC. ) | JURY TRIAL DEMANDED |
| Defendant ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Paulette Mack, by and through her undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1.   Plaintiff, Paulette Mack, is an adult natural person and she bring this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II.   JURISDICTION

2.   Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.   Venue in this District is proper in that the Defendant transacts business in this district and the Defendant's principal place of business is in this district.

### III. PARTIES

4. Plaintiff, Paulette Mack, is an adult natural person residing at 308 Wayne Street, Bridgeport, CT 06606-4647. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, NCO Financial Systems, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its principal place of business located at 507 Prudential Road, Horsham, PA 19044.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. On or about November 16, 2010, Plaintiff received notice from the Defendant informing them that they were collecting on an alleged debt owed to American Express for approximately $6,506.14. **See "EXHIBIT A" (notice) attached hereto**.

8. Despite having thirty (30) days to respond to said notice, on or about November 20, 2010, Plaintiff received first call from the Defendant demanding full payment on the above mentioned debt.

9. During this call, Plaintiff informed Defendant's agent, "Margaret", that she had retained the services of personal counsel to help aid her in her debt negotiations and that Defendant would need to call them directly in this matter.

10. Defendant's agent, "Margaret", stated that Defendant would not work with a third party and that it was in the Plaintiff's best interest to work directly with the Defendant.

11. On or about that same day, November 20, 2010, Plaintiff's attorney sent a cease and desist letter to the Defendant. **See "EXHIBIT B" (letter) attached hereto**.

12. Plaintiff continued to receive calls from the Defendant.

13. On or about November 22, 2010, Plaintiff's attorney faxed a second cease and desist letter to Defendant's agent, "Margaret", at fax number 201-818-0397. **See "EXHIBIT C" (fax) attached hereto**.

14. Defendant's agent, "Margaret", continued to call the Plaintiff stating again that the Plaintiff needed to work directly with the Defendant to pay off this account.

15. Defendant continued to call the Plaintiff in this matter throughout November, 2010.

16. On or about December 6, 2010 at 12:00 pm, Defendant called the Plaintiff and threatened that if she failed to pay on this account that they would ruin her credit.

17. Plaintiff again asked the Defendant to contact her attorney.

18. On or about December 10, 2010, at 3:39 pm, Plaintiff received a call from an agent of the Defendant named "Victor", who demanded that the Plaintiff settle this account by the end of the day.

19. Defendant's agent, "Victor", told the Plaintiff that it did not make a difference to him if she had an attorney or not, the Defendant was not going to call and deal with her counsel.

20. On or about December 21, 2010, Plaintiff's personal counsel sent a third cease and desist letter to the Defendant. **See "EXHIBIT D" (letter) attached hereto**.

21. On or about January 21, 2011, Plaintiff received a call from Defendant's agent, "Sean", still demanding that the Plaintiff make a payment in full on the above referenced account.

22. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

23. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, and frustration and embarrassment.

24. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

25. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

26. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendant herein.

27. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

28. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I - FDCPA

29. The above paragraphs are hereby incorporated herein by reference.

30. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" defined by 15 U.S.C. § 1692a(5).

31. The foregoing acts and omissions constitute violations of the FDCPA, including, but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(a)(2) | After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive |
| §§ 1692c(c) | After written notification that consumer refuses to pay debt or that consumer wants collector to cease communication |
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |

| | |
|---|---|
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e | Any other false, deceptive or misleading representation or means in connection with the debt collection |
| §§ 1692e(5) | Threaten to take action that cannot be legally taken or that is not intended to be taken |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt or obtain information |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect an alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, NCO Financial Systems, Inc. for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit;

d. Such addition and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

**WARREN & VULLINGS, LLP**

Date: February 1, 2011

BY: __/s/Bruce K. Warren BKW4066__
Bruce K. Warren, Esq.

BY: __/s/Brent F. Vullings BFV8435__
Brent F. Vullings, Esq.

Warren & Vullings, LLP
93 Old York Road
Suite 333
Jenkintown, PA  19046
215-745-9800   Fax 215-745-7880
Attorneys' for Plaintiff